UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIREHAWK AEROSPACE, INC., | § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § | Civil Action No. 3:25-CV-1005-X |
| JOLENE JONES, | | |
| *Defendant*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Firehawk Aerospace, Inc.'s (Firehawk) application for a temporary restraining order. (Doc. 1). Defendant Jolene Jones failed to file a response in the time by the deadline. Nevertheless, the Court looks to appropriate factors to determine if a temporary restraining order should issue, and having reviewed the application and relevant law, the Court **DENIES** the application. The Court **ORDERS** Firehawk to serve this opinion on Jones by any means within 48 hours.

### I. Factual Background

Firehawk is a defense contractor that designs and builds hybrid and solid rocket engines. Firehawk employed Jones, where she worked as an Office Manager/Operations Manager from June 2, 2023 to April 2024. Firehawk's application alleges that Jones "solicited and manipulated" another employee, Pablo Gonzalez, to disclose trade secret information.[1] Firehawk reports that Gonzalez

---

[1] Doc. 1 at 3.

1

admitted "a lot" of the information Gonzalez provided to Jones was "incorrect or completely false."[2] Nevertheless, Firehawk alleges that Jones has "openly admitted to privately and publicly disseminating all or some portions of the confidential trade secret information that Jones" acquired from Gonzalez.[3]

## II. Legal Standard

The standard governing temporary restraining orders is the same as the one governing preliminary injunctions.[4] The movant must establish four factors:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[5]

Failure to establish any one of these results in denial of the temporary restraining order.[6]

## III. Analysis

To succeed on Firehawk's trade secret claim, it must show that "(1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant *used* the trade secret without authorization from the plaintiff."[7]

---

[2] Doc. 1 at 3.

[3] Doc. 1 at 3.

[4] *See Fromhold v. Insight Glob., LLC*, 657 F. Supp. 3d 880, 887 (N.D. Tex. 2023), *appeal dismissed sub nom. Fromhold v. Insight Glob., L.L.C.*, No. 23-10275, 2023 WL 6126458 (5th Cir. May 2, 2023).

[5] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[6] *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250 (5th Cir. 2009).

[7] *GE Betz, Inc. v. Moffitt-Johnston*, 885 F.3d 318, 325 (5th Cir. 2018)

As for the existence of a trade secret, at this stage the Court need not "determine that the information at issue is a trade secret; rather, it determines 'whether the applicant has established that the information is entitled to trade-secret protection until the trial on the merits.'"[8] In turn, that means, "the owner must take 'reasonable measures under the circumstances to keep the information secret' and the information must derive economic value from not being generally known or readily ascertainable through proper means."[9] But Firehawk never explains what the economic value is. The sole mention of some economic impact does not derive from the disclosure of the alleged trade secret information, but rather from having to fire and replace the Gonzalez.[10] That is a far cry from showing that "the information derives independent economic value . . . from not being generally known."[11] As a result, Firehawk has failed to show it is likely to succeed on the merits and the application should therefore be denied.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the application for a temporary restraining order. The Court **ORDERS** Firehawk to serve this opinion on Jones by any means within 48 hours.

---

[8] *Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, No. 3:19-CV-970-L, 2019 WL 2058772, at *3 (N.D. Tex. May 9, 2019) (Lindsay, J.) (quoting *FC Partners, Inc. v. Stratton Amenities, LLC*, 2010 WL 369152, at *2 (W.D. Tex. Jan. 30, 2019)).

[9] *Id.* (quoting 18 U.S.C. § 1839(3)).

[10] Doc. 1 at 3.

[11] 18 U.S.C. § 1839(3)(B).

**IT IS SO ORDERED** this 29th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE