UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIREHAWK AEROSPACE, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:25-CV-1005-X |
| JOLENE JONES, | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Firehawk Aerospace, Inc.'s (Firehawk) application for a temporary restraining order. (Doc. 8). Defendant Jolene Jones failed to file a response by the deadline. Nevertheless, the Court looks to the appropriate factors to determine if a temporary restraining order should issue. Having reviewed the application and relevant law, the Court **GRANTS** the application. No bond is required. The Court **ORDERS** Firehawk to serve this opinion on Jones by any means within 24 hours and to file proof of service.

### I. Factual Background

The Court recited these facts previously[1] and recites them again here. Firehawk is a defense contractor that designs and builds hybrid and solid rocket engines. Firehawk employed Jones, where she worked as an Office Manager/Operations Manager from June 2, 2023 to April 2024. Firehawk's application alleges that Jones "solicited and manipulated" another employee, Pablo

---

[1] Doc. 7 at 1–2.

1

Gonzalez, to disclose trade secret information.[2] Firehawk reports that Gonzalez admitted "at least some" of the information Gonzalez provided to Jones was "incorrect or completely false."[3] Nevertheless, Firehawk alleges that Jones has "openly admitted to privately and publicly disseminating all or some portions of the confidential trade secret information that Jones" acquired from Gonzalez.[4]

## II.  Legal Standard

The standard governing temporary restraining orders is the same as the one governing preliminary injunctions.[5] The movant must establish four factors:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[6]

Failure to establish any one of these results in denial of the temporary restraining order.[7]

## III.  Analysis

### A.  Likelihood of Success on the Merits

18 U.S.C. § 1836(b)(1) ("section 1836") provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the

---

[2] Doc. 8 at 3.

[3] Doc. 8 at 4.

[4] Doc. 4 at 4.

[5] *See Fromhold v. Insight Glob., LLC*, 657 F. Supp. 3d 880, 887 (N.D. Tex. 2023), *appeal dismissed sub nom. Fromhold v. Insight Glob., L.L.C.*, No. 23-10275, 2023 WL 6126458 (5th Cir. May 2, 2023).

[6] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[7] *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250 (5th Cir. 2009).

trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." Accordingly, to succeed on Firehawk's trade secret claim, it must show (1) that a trade secret existed, (2) misappropriation, and (3) that the trade secret has a sufficient connection to interstate or foreign commerce.

### i. Existence of a Trade Secret

At this stage the Court need not "determine that the information at issue is a trade secret; rather, it determines 'whether the applicant has established that the information is entitled to trade-secret protection until the trial on the merits.'"[8] In turn, that means, "the owner must take 'reasonable measures under the circumstances to keep the information secret' and the information must derive economic value from not being generally known or readily ascertainable through proper means."[9]

Firehawk adequately shows that it keeps the information about refining and performance secret. It has policies against disclosure because if word got out about its refining and performance, then other companies would use that information to compete with Firehawk for contracts.

### ii. Misappropriation

Section 1836 provides a number of definitions for "misappropriation." Misappropriation includes "disclosure or use of a trade secret of another without

---

[8] *Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, No. 3:19-CV-970-L, 2019 WL 2058772, at *3 (N.D. Tex. May 9, 2019) (Lindsay, J.) (quoting *FC Partners, Inc. v. Stratton Amenities, LLC*, 2010 WL 369152, at *2 (W.D. Tex. Jan. 30, 2019)).

[9] *Id.* (quoting 18 U.S.C. § 1839(3)).

3

express or implied consent by a person who [] used improper means to acquire knowledge of the trade secret."[10] In turn, "improper means" "includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."[11]

Firehawk maintained confidentiality agreements with its employees, including Gonzalez and, when she was employed there, Jones. Firehawk alleges that Jones "solicited and manipulated" Gonzalez to breach Firehawk's confidentiality policies.[12] A plain reading of the statutory text reveals that Jones must have used improper means. That is, she must have (under these facts) induced the breach of a duty to maintain secrecy or breached such a duty herself. The common meaning of "induce" is to "effect, cause,"[13] or "to persuade someone to do something."[14] While lacking detail, Firehawk alleges that Jones solicited and manipulated Gonzalez, meaning she was the cause of his breach of his duty of secrecy.

Ultimately, Firehawk alleges that Jones "openly admitted to privately and publicly disseminating all or some portions of the confidential trade secret information that Jones knowingly, improperly obtained from Mr. Gonzalez in an attempt to harm Firehawk's business." Putting all this together, Jones caused Gonzalez to provide the information then disseminated the information, meaning she

---

[10] 18 U.S.C. § 1839(5)(B)(i).

[11] 18 U.S.C. § 1839(6)(A).

[12] Doc. 8 at 3.

[13] *Induce*, Merriam–Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/induce (last visited May 6, 2025).

[14] *Induce*, Cambridge Dictionary, *available at* https://dictionary.cambridge.org/dictionary/english/induce (last visited May 6, 2025).

4

induced Gonzalez to provide the information and ultimately disclosed the information.

### iii. Use in Interstate Commerce

Firehawk pleads that it "designs and manufactures modern high-performance hybrid and solid rocket engines for the defense industry."[15]  Its technology "accelerates the sustainment of munition stockpiles, ensuring a reliable supply of materials both domestically and abroad."[16]  This is enough at this point to show that its products relating to the trade secrets are used in interstate commerce.

\*   \*   \*

Putting the above elements together, Firehawk has shown that a likelihood of success on the merits sufficient for this application for a temporary restraining order.

### B. Irreparable Harm

Firehawk has shown that there exists a substantial risk of irreparable harm, considering that Jones has apparently been publicly revealing the trade secrets.  The loss in negotiating position with Firehawk's future contracts and loss in negotiating position against competitors cannot adequately be remedied at law.[17]  Understandably, it is "difficult to know" how the loss in negotiating position could or

---

[15] Doc. 8 at 2.

[16] Doc. 8 at 2.

[17] *See Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

would affect contract negotiations.[18]  Therefore, there is substantial risk of irreparable harm.

### C.  Balance of Hardships

Restraining Jones from further dissemination of the trade secret information costs her relatively little.  Nothing indicates that she will face much, if any, harm in losing the ability to further disseminate Firehawk's trade secret information and to return information she possesses.  Meanwhile, Firehawk faces a significant threat of injury if the injunction is denied—further loss of negotiating position with those it contracts and their competitors.

### D. Public Interest

There is no indication that granting the temporary restraining order will disserve the public interest.  After all, Firehawk produces materials for the defense industry and maintaining a competitive defense industry that can be assured its trade secrets will be maintained serves the public interest.  Further, nothing indicates that Jones's disclosure of the trade secret information has somehow advanced the public interest.

\*   \*   \*

Firehawk has satisfied all the relevant elements for this temporary restraining order.  Therefore, the Court **GRANTS** the temporary restraining order on the terms set forth below:

---

[18] *See Sunrgy, LLC v. Alfaro*, No. 4:24-CV-3583, 2024 WL 4953430, at *11 (S.D. Tex. Dec. 3, 2024) ("The loss of goodwill and customers is currently an unquantifiable risk because it is difficult to know how many former Sunrgy clients Alfaro might be able to solicit on behalf of SolarTEK.").

1. Jones shall return all confidential, proprietary, and trade secret information belonging to Firehawk that is still within her possession, custody, or control.

2. Jones is enjoined and restricted from using any and all confidential, proprietary, and trade secret information belonging to Firehawk.

3. Jones is enjoined and restricted from soliciting any confidential, proprietary, and trade secret information from any Firehawk employees.

4. Jones is enjoined and restricted from harassing any Firehawk employees, officers, or investors.

The temporary restraining order shall expire at 5:00 PM Central on May 22, 2025.

### IV.  Hearing and Briefing Schedule

Because Firehawk filed its application for a temporary restraining order as a dual application for a temporary injunction and preliminary injunction, it need not file a separate brief for a preliminary injunction.  However, if Firehawk wishes to file anything further on its motion for a preliminary injunction, it should do so by 11:59 PM Central on May 9, 2025 and shall serve that filing on Jones by any means within 24 hours of the time of filing.  Jones shall file a response to the motion for a preliminary injunction on or before 11:59 PM Central on May 15, 2025.  At this time, the Court will not set a hearing.  If one becomes necessary, the Court will provide additional guidance at that time.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** the application for a temporary restraining order. No bond is required. The Court **ORDERS** Firehawk to serve this opinion on Jones by any means within 24 hours and to file proof of service.

**IT IS SO ORDERED** this 8th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE