UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIREHAWK AEROSPACE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-1005-X |
| | § | |
| JOLENE JONES, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Jolene Jones's motion to dismiss.  (Doc. 18).
Jones argues that process was not done in accordance with the Convention on the
Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial
Matters (the Convention).  Jones has now provided a domestic address for service of
process.  But before she did, Jones admitted in a message to Firehawk Aerospace,
Inc.'s (Firehawk) counsel that she did "not have a permanent service address to
provide at this time" and more generally admits that her "housing was unstable."[1]
Article 1 of the Convention states that it "shall not apply where the address of the
person to be served with the document is not known."[2]  As a result, the Convention
does not apply.

---

[1] Doc. 18 at 4.

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and
Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.

Jones also asks the Court to sanction Firehawk and its counsel because this lawsuit constitutes retaliation and Firehawk knew Jones lacked stable housing. But Jones has not shown this lawsuit constitutes retaliation nor has she demonstrated that suing someone who lacks stable housing is sanctionable conduct. Therefore, the Court **DENIES** Jones's motion to dismiss. (Doc. 18).

   **IT IS SO ORDERED** this 16th day of July, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE