IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIREHAWK AEROSPACE, INC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-01005-X |
| | § | |
| JOLENE JONES, | § | |
| | § | |
| *Defendant.* | § | |

### SUPPLEMENTAL BRIEF ON PERSONAL JURISDICTION IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT

Plaintiff Firehawk Aerospace, Inc. respectfully submits this Supplemental Brief on Personal Jurisdiction in Support of Plaintiff's Motion for Contempt as directed by this Court's Order. (Doc. 33).

### I.  BACKGROUND

Firehawk Aerospace, Inc. ("Firehawk") is a defense contractor to the United States government. Defendant Jolene Jones ("Jones") was an employee of Firehawk and was terminated in April 2024.

After termination, Jones initiated a lengthy, ongoing attack on social media against Firehawk, its officers, employees and investors, in which the Jones improperly disseminated confidential information belonging to Firehawk and in which Jones defamed many people and made multiple true threats of violence against, among others, the Chief Executive Officer of Firehawk, and his wife.

This Court entered a Temporary Restraining Order on May 8, 2025 (Doc. 10), and an order granting a Preliminary Injunction on May 16, 2025 (Doc. 14). Those orders prohibited, among other things, harassing Plaintiff, its officers, directors, employees and others. Despite this Court's order of injunction, Jones has continued to harass many of those persons or entities and, particularly, Will Edwards and his wife. Mr. Edwards is the Chief Executive Officer of Firehawk. In engaging such harassing tactics, the Defendant has also utilized confidential information, in violation of this Court's injunction, and in violation of her own contractual employment agreement. On June 24, 2025, Firehawk filed Plaintiff's Motion for Contempt. (Doc. 17). The Court held a hearing on the contempt motion on July 31, 2025. (Doc. 20). On the same day, The Court directed Firehawk to file this supplemental brief on personal jurisdiction. (Doc. 33).

## II. FIREHAWK'S SERVICE OF PROCESS WAS PROPER

Federal Rule of Civil Procedure 4(f)(3) allows a plaintiff to serve process on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." "[S]o long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014). "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Id.* A plaintiff is not required to attempt service under the Hague Convention prior to requesting alternate service under Rule 4(f)(3). *Maxwell, Ltd. v. Lenovo Grp. Ltd.*, No. 6:21-CV-1169, 2022 WL 479133, at *1 (W.D. Tex. Feb. 15, 2022).

On May 8, 2025, this Court granted Firehawk's application for a Temporary Restraining Order and ordered Firehawk to serve the opinion on Jones "by any means within 24 hours and file

proof of service." (Doc. 10). Counsel for Firehawk then emailed a letter and a copy of the Memorandum Opinion and Order to Jones's personal email address. (Doc. 12). Jones responded within the same day, which confirmed she received a copy of the Memorandum Opinion and Order. *Id.* Mr. Frank Hill, as counsel for Firehawk, filed an Affidavit of Service on May 8, 2025. *Id.*

Following this, on May 16, 2025, this Court granted Firehawk's application for a Preliminary Injunction and ordered Firehawk to serve the opinion on Jones "by any means within 24 hours." (Doc. 14). Again, Counsel emailed a letter and a copy of the Memorandum Opinion and Order to Jones's personal email address. (Doc. 16). Jones responded within the same day, which confirmed she received a copy of the Memorandum Opinion and Order. *Id.* An Affidavit of Service for the Preliminary Injunction was filed on May 30, 2025. *Id.*

Jones continues to argue that service of process was not proper because personal jurisdiction does not exist, and because it was not done according to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). (Doc. 18); (Doc. 27). However, this Court has already held that this convention is inapplicable in Jones case, because Article 1 of the Hague Convention states that it "shall not apply where the address of the person to be served with the document is not known." (Doc. 21). Jones previously admitted that her housing was unstable and that she generally did not have a permanent service address. *Id.* As a result, this Court held that the Convention did not apply. *Id.*

Firehawk's service of process by email was proper because the Court directed service "by any means." This satisfies the requirements of Fed. R. Civ. P. 4(f)(3) because it is a method ordered by the court, and it is not prohibited by international agreement. This decision was within the

Court's discretion, and Firehawk was not required to attempt service under the Hague Convention. *Id.*

### III. JONES'S APPEARANCE BEFORE THE COURT

"Generally, an appearance in an action involves some presentation or submission to the court." *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985). An appearance may arise by implication when a defendant takes a step in the proceeding that is "beneficial to [her]self or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court." *Id.*

Jones made several appearances before this Court including a request for sanctions. (Doc. 18); (Doc. 19); (Doc. 27). Jones has stated that personal jurisdiction does not exist because service has been improper under the Hague Convention, while requesting the Court award sanctions against Firehawk. (Doc. 18). This Court denied this motion, finding that the Hague Convention was inapplicable and that Jones had failed to demonstrate sanctionable conduct. *Id.* This amounted to a step in the proceeding that would have been detrimental to plaintiff, which qualifies as an appearance by implication.

### IV. JONES FAILED TO RAISE THE DEFENSE OF PERSONAL JURISDICTION ACCORDING TO FEDERAL RULE OF CIVIL PROCEDURE 12(h)

Jones waived the right to dismiss for lack of personal jurisdiction when she failed to raise it in an initial motion or answer. Under Fed. R. Civ. P. 12(b)(2), a party may assert a defense of lack of personal jurisdiction. According to Fed. R. Civ. P. 12(h)(1)(B), this defense is waived when a party fails "to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Finally, Fed. R. Civ. P. 12(a)(1)(A) states that a defendant must generally file an answer within "within 21 days after being served with the summons and complaint."

This Court ordered Firehawk to serve the amended complaint, the application for a temporary restraining order, and the applicable order on Jones "by any means" on May 1, 2025. (Doc. 9). The Court also ordered Jones to file a response. *Id.* Jones filed her first motion on July 3, 2025, in which she first asked the Court to dismiss for improper service and for lack of personal jurisdiction. (Doc. 18). This motion was not filed within the twenty-one days required by Fed. R. Civ. P. 12(a)(1)(A). As a result of the untimely filing, the defense for lack of personal jurisdiction was waived according to Fed. R. Civ. P. 12(h)(1)(B).

In her argument, Jones claimed that personal jurisdiction was lacking but did not support this claim beyond her assertions of improper service under the Hague Convention. *Id.* The Court denied Jones's motion to dismiss finding that the Convention did not apply. (Doc. 21). Jones's motion did not introduce any other arguments regarding personal jurisdiction other than the assertion of improper service. As a result, Jones did not properly assert a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(h).

### V. THIS COURT HAS CLAIM-SPECIFIC JURISDICTION BECAUSE JONES'S SOCIAL MEDIA POSTS WERE DIRECTED TOWARDS TEXAS

This Court has personal jurisdiction over Jones because her actions concern events that happened in Texas and are targeted towards a Texas audience.

"A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). A court is permitted to exercise personal jurisdiction over a defendant when (1) the defendant has established minimum contacts with the state; and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.*

In determining whether personal jurisdiction exists, the Fifth Circuit has established a three-part test for claim specific jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021). First, the defendant must "purposefully avail itself of the privilege of conducting activities in the forum State." *Id.* This requires that the defendant's ties to the forum are "purposefully forged" by the defendant herself. *Id.* Second, the plaintiff's claim "must arise out of or relate to" those contacts. *Id.* Third, the exercise of jurisdiction must be "fair and reasonable" to the defendant. *Id.*

Specific jurisdiction is unavailable if a website is passive. *Id.* However, if a website "interacts with its visitors, sending and receiving information from them" the court must determine "whether the virtual contacts that give rise to the plaintiff's suit arise from the defendant's purposeful targeting of the forum state." *Id.* If a website is interactive, personal jurisdiction may be exercised if the defendant has "expressly aimed" her tortious conduct toward the forum state. *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 784 (1984)). Personal jurisdiction has been found to exist when a defendant operating an interactive website published articles with the intent to pressure businesses to cease doing business with the plaintiff. *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 4001803, at *5 (N.D. Tex. Aug. 29, 2024).

In *Revell*, the Fifth Circuit found that personal jurisdiction could not be exercised over an article posted to a Columbia University website because the article did not reference Texas, it did not refer to activities that occurred in Texas, and it was not directed to readers in Texas. 317 F.3d at 473. "Texas was not the focal point of the article or the harm suffered, unlike *Calder,* in which the article contained descriptions of the California activities of the plaintiff, drew upon California sources, and found its largest audience in California." *Id.* (citing *Calder*, 465 U.S. at 788.)

The present facts require a different result from that of *Revell* because Jones has expressly directed her tortious conduct towards Texas. Jones was previously an employee of Firehawk. Her employment was in the state of Texas, and she received confidential information during her employment. Following Jones's termination, Jones has attacked Firehawk on several social media websites including TikTok, LinkedIn, and Twitter. (Doc. 25). These websites are not passive websites but instead allow users to send and receive information. Like the defendants in *X Corp.*, Jones has published information with the intent of disrupting Firehawk's business relationships and damaging the company's reputation. Jones has used these websites to improperly disseminate confidential information belonging to Firehawk, to harass and defame individuals closely associated with Firehawk, and to issue multiple true threats of violence against Will Edwards and his wife. (Doc. 26).

Jones's statements constitute true threats of violence and are not given protection under the First Amendment. *United States v. Jubert*, 139 F.4th 484, 491 (5th Cir. 2025); *United States v. Perez*, 43 F.4th 437, 443 (5th Cir. 2022). "Speech is a true threat and therefore unprotected if an objectively reasonable person would interpret the speech as a serious expression of an intent to cause a present or future harm." *Jubert*, 139 F.4th at 490. Jones has stated that she will "burn down" the home of anyone that crosses her. (Doc. 26). In a video posting, Jones "roleplays" herself shopping in a gun store while using the word "kill" in her rambling remarks. *Id.* These postings have created fear on the part of Mr. Edward's wife, and Mr. Edwards and his wife have moved to a location with more security as a result.

Fifth Circuit precedent states that it fair and reasonable for a defendant to be subject to personal jurisdiction after targeting a forum state. *Revell*, 317 F.3d at 476 ("[I]f you are going to

pick a fight in Texas, it is reasonable to expect that it be settled there."). "A defendant who targets a Texas company with tortious activity has fair warning that it may be sued there." *X Corp.*, 2024 WL 4001803, at *6. Jones has wrongfully targeted Firehawk and its officers. Therefore, it is fair and reasonable for her to be subject to a lawsuit in this Court.

This Court may properly exercise personal jurisdiction over Jones because the requirements of *Huffingtonpost.com* are satisfied. Jones has forged a connection with the forum state and Firehawk's claim arises from that same connection. The harm caused by these attacks has occurred in Texas, and the information posted refers to the confidential information that Jones received while employed by Firehawk in Texas. Moreover, Jones has sought an audience in Texas by "tagging" individuals located in the state, including former employees, officers, and Firehawk itself. It is fair and reasonable for Jones to expect that she is subject to personal jurisdiction within Texas. Accordingly, the court has personal jurisdiction over Jones.

## VI. CONCLUSION

This Court may properly exercise jurisdiction over Defendant Jolene Jones. Personal jurisdiction exists because Jones was served by the method ordered by the Court in accordance with the Federal Rules of Civil Procedure. Additionally, Jones made an appearance before this Court and did not file a motion to dismiss for personal jurisdiction as required by the Federal Rules of Civil Procedure. Finally, personal jurisdiction exists over Jones because her tortious actions stemmed from events that took place in Texas, the resulting harm occurred in Texas, and the actions were targeted towards an audience in Texas, and the exercise of jurisdiction over Jones is fair and reasonable.

Respectfully submitted,

*/s/ Frank Hill*
Frank Hill – State Bar No. 09632000
fhill@hillgilstrap.com
**HILL GILSTRAP, P.C.**
1400 W. Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 fax

**ATTORNEY FOR PLAINTIFF**
**FIREHAWK AEROSPACE, INC.**