UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIREHAWK AEROSPACE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1005-X |
| | § | |
| JOLENE JONES, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Firehawk Aerospace, Inc.'s (Firehawk) motion for contempt and Jolene Jones's second motion to dismiss for lack of personal jurisdiction and proper service. After the motion for contempt was filed the Court called for a hearing and noted its concerns over First Amendment issues, considering that making statements about a defense contractor would generally fall under First Amendment protection. Firehawk relies on two pieces of evidence for its contempt motion: (1) that Jones posted recently that she will "burn down" the home of anyone who "crosses" her and (2) that she posted a skit video of herself in a gun store while rambling and using the word "kill." Nevertheless, the Court **DENIES** both Jones's motion to dismiss and **DENIES** Firehawk's motion for contempt.

### I. Factual Background

Firehawk is a defense contractor that designs and builds hybrid and solid rocket engines. Firehawk employed Jones, where she worked as an Office Manager/Operations Manager from June 2, 2023 to April 2024. Firehawk's

1

application alleges that Jones "solicited and manipulated" another employee, Pablo Gonzalez, to disclose trade secret information.[1] Firehawk reports that Gonzalez admitted "at least some" of the information Gonzalez provided to Jones was "incorrect or completely false."[2] Nevertheless, Firehawk alleges that Jones has "openly admitted to privately and publicly disseminating all or some portions of the confidential trade secret information that Jones" acquired from Gonzalez.[3]

The Court previously granted a temporary restraining order and preliminary injunction after no response was filed to the either application. In particular, the Court enjoined and restricted Jones "from harassing any Firehawk employees, officers, or investors."[4]

## II. Legal Standards

Rule 12(b)(5),[5] deals with "insufficient service of process."[6] Proper service is crucial because, without it, the court lacks personal jurisdiction over the defendant.[7] "A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum."[8] The party effecting service on another carries the burden to establish the

---

[1] Doc. 8 at 3.

[2] Doc. 8 at 4.

[3] Doc. 4 at 4.

[4] Doc. 10 at 7; Doc. 14 at 1.

[5] The Court only addresses dismissal pursuant to Rule 12(b)(5) because Jones's Rule 12(b)(2) motion is predicated on improper service under Rule 12(b)(5).

[6] Fed. R. Civ. P 12(b)(5).

[7] *Attwell v. LaSalle Nat'l Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979).

[8] *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014).

validity of that service if an objection is made.[9] And a district court has "broad discretion in determining whether to dismiss an action for ineffective service of process."[10]

As for contempt, "[a] party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order."[11] "The civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court."[12] "Intent is not an issue in civil contempt proceedings; rather, the question is whether the alleged contemnors have complied with the court's order."[13]  "In a civil contempt action, proof of contempt must be clear and convincing."[14]

### III. Analysis

#### A. Improper Service

Jones moves for dismissal due to improper service because Firehawk filed its complaint on April 23, 2025 and 90 days have passed since then. Firehawk responded claiming that Jones had waived her improper service argument by failing to raise it in her first motion to dismiss. The problem with this argument is that automatic waiver only applied when "mak[ing] another motion under [Rule 12] raising a defense

---

[9] *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007).

[10] *Epley v. Luong*, No. 23-40038, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023).

[11] *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).

[12] *Id.*

[13] *Id.*

[14] *Id.* (cleaned up).

3

or objection *that was available to the party* but omitted from its earlier motion."[15]  As Jones points out, the 90 days to serve terminated on July 22, 2025 and Jones filed her first motion to dismiss on July 2, 2025.  Therefore, the defense was not available to her at the time, considering that the clock on service had not yet run.

Firehawk then argues that because Jones requested sanctions against Firehawk and Firehawk's counsel that she undertook an affirmative act that invoked the Court's jurisdiction sufficient to waive service.  But the Court fails to see how a throwaway request for sanctions from a pro se defendant contained within a motion to dismiss for failure to serve "impliedly recognized the court's jurisdiction."[16]  It just doesn't.

As for the remainder of Firehawk's arguments, the Court must first pause to issue a clarification.  When the Court ordered service by any means, it did so for purposes of the temporary restraining order, but not for purposes of the complaint.[17]  The Court recognizes this distinction can be a tad confusing.

In any event, because Jones was out of the United States, came back for some period, then left for Mexico, it is unclear whether Rule 4(m)'s reference to service abroad applies or if good cause is the proper route.  Either way, Firehawk has good cause for not serving Jones for purposes of the complaint: Jones has been a roving defendant across the United States and the globe while also being cagey about where to reach her abroad.  As a result, the Court **ALTERNATIVELY EXTENDS** the

---

[15] Fed. R. Civ. P. 12(g)(2) (emphasis added).

[16] *Maiz v. Virani*, 311 F.3d 334, 341 (5th Cir. 2002).

[17] Doc. 6.

deadline to serve Jones to September 11, 2025.  In that time, Firehawk may file a motion for substitute service in compliance with Texas Rule of Civil Procedure 106(b).

## B. Contempt

The Court ordered Jones to refrain "from harassing any Firehawk employees, officers, or investors."[18]  In its supplemental brief, Firehawk points to two instances where they say she did so.  Once is when she stated she would "burn down" the home of anyone who "crosses" her and the other is when she posted herself "roleplay[ing]" herself gun shopping, rambling, and using the word "kill."[19]

The First Amendment does not protect true threats.  "True threats are serious expressions conveying that a speaker means to commit an act of unlawful violence."[20]  "'True' delineates the speech at issue from jest or hyperbole."[21]  "Speech is a true threat and therefore unprotected if an objectively reasonable person would interpret the speech as a serious expression of an intent to cause a present or future harm. The speaker need not actually intend to carry out the threat."[22]

Here, neither post constitutes a true threat under the First Amendment. Simply put, an objectively reasonable person would not view the posts as serious

---

[18] Doc. 10 at 7; Doc. 14 at 1.

[19] Doc. 26 at 2.

[20] *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (cleaned up).

[21] *United States v. Jubert*, 139 F.4th 484, 490 (5th Cir. 2025).

[22] *Id.* (cleaned up).

5

expressions of an intent to cause harm. Both posts are hyperbole. Even if they are off-putting and strange, they are not true threats.[23]

And as for statements made to or about Mr. Edwards's wife, she is not covered by the injunction. The injunction covers employees but not spouses. Because Firehawk never put on evidence that she is an employee, officer, or investor, the Court cannot conclude that any statement against her—even assuming such a statement would not carry First Amendment protection—runs afoul of the injunction.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Jones's motion to dismiss and **DENIES** Firehawk's motion for contempt.

**IT IS SO ORDERED** this 21st day of August 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] If all off-putting and strange skits were true threats, *Saturday Night Live* would have (almost) no material.